IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JANE DOE, by and through her Guardian ad Litem J.M., | Civ. No. 10-3119-CL |
| Plaintiff, | |
| v. | ORDER |
| PHOENIX-TALENT SCHOOL DISTRICT #4, BEN BERGREEN, GERRY FLOCK, and GEORGE KUHN, | |
| Defendants. | |

CLARKE, Magistrate Judge

This matter comes before the Court on plaintiff Jane Doe's ("plaintiff") motion to strike (#34), and defendants Phoenix-Talent School District #4 ("the District"), Ben Bergreen ("Bergreen"), and Gerry Flock's ("Flock") (collectively, "the District Defendants") motion to dismiss (#32). For the reasons stated below, plaintiff's motion to strike is granted in part and denied in part, and the District defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff Jane Doe, by and through her guardian ad litem J.M., filed this action October 29, 2010, alleging eight claims for relief arising out of a single incident of alleged sexual

Page 1 - ORDER

misconduct by Kuhn, a kindergarten teacher at Orchard Hill Elementary School ("Orchard"), which is owned and operated by the District. Bergreen is the District's Superintendent, and Flock is the Principal at Orchard. Plaintiff alleges these claims variously against Kuhn, the District, Bergreen, and Flock.

## LEGAL STANDARDS

### MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike is "to avoid the expenditure of time and money" associated with litigating "spurious issues." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). A defense may be insufficient as a matter of law or as a matter of pleading. Where a defense cannot succeed under any set of circumstances, it is insufficient as a matter of law. Fed. R. Civ. P. 12(f); *see also* Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (*citing* 5A A. CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380, 647 (2d ed. 1990)), *cert. denied*, 535 U.S. 904, 122 S.Ct. 1203 (2002). Where an affirmative defense fails to give plaintiff fair notice of the defense, it is insufficiently pled. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).

### MOTION TO DISMISS

Under FRCP 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other*

*grounds by* Davis v. Scherer, 468 U.S. 183 (1984). In answering this question, the court must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs' favor. *See* Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). A complaint need not make "detailed factual allegations," however, "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). To survive a motion to dismiss under FRCP 12(b)(6), plaintiffs must allege sufficient facts to "raise a right to relief above the speculative level." Id. at 555. That is, plaintiffs must show that their claims not merely conceivable, but plausible. Id. at 570; Ashcroft v. Iqbal, -- U.S. --, --, 129 S.Ct. 1937, 1950 (2009). This plausibility inquiry is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. The court inquiry is limited to the face of the complaint, id., and matters that may be judicially noticed, MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. Leave to amend should be granted unless it is clear that the complaint cannot possibly be cured by the allegation of other facts. Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995); *see also* Fed. R. Civ. P. 15(a) ("leave [to amend] is to be freely given when justice so requires"). The court must also consider whether granting leave to amend will result in undue prejudice to the opposing party, is sought in bad faith or for a dilatory motive, is futile, or creates undue delay. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001). When amendment would be futile, dismissal may be ordered with prejudice. Oki Semiconductor Co. V. Wells Fargo Bank, Nat. Ass'n, 298 F.3d 768, 772 (9th Cir. 2002) (*citing* Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996)).

Page 3 - ORDER

## DISCUSSION

### I. MOTION TO STRIKE

#### 1. First motion to strike

Failure to state a claim on which relief can be granted is an affirmative defense that may be raised in any pleading allowed or ordered under Rule 7(a), by motion, or at trial. FED. R. CIV. P. 12(h)(2). Plaintiff argues that the heightened pleading standard enunciated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007), and clarified in Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937 (2009), should apply to the pleading of affirmative defenses, and that under this standard Kuhn's first affirmative defense, "Failure to State a Claim," is insufficiently pled and should therefore be stricken. (Mot. to Strike at 2). In plaintiff's view, an affirmative defense is insufficiently pled, and therefore vulnerable to a motion to strike, if it simply states a legal conclusion without providing supporting facts that explain how the defense relates to the instant case. (Id.). However, neither the Ninth Circuit nor any other Circuit Court of Appeal has held that Twombly and Iqbal govern the pleading standard for affirmative defenses. This court need not decide the issue here. Plaintiff's claims all arise out of a single alleged incident of conduct, which Kuhn denies, thus the basis for his First Affirmative Defense (Failure to State a Claim) is unmistakable. The affirmative defense is properly asserted as allowed by Rule 12(h). Plaintiff's motion to strike is therefore DENIED.

#### 2. Second motion to strike

Plaintiff's Complaint asserts eight claims for relief, all arising out of a single incident of alleged conduct occurring on or about May 21, 2009. (Compl. at 5, ¶ 8). Plaintiff's seven tort claims are subject to a two year statute of limitations. OR. REV. STAT. § 12.110(1). Plaintiff's

Page 4 - ORDER

claim for violation of her civil rights under 42 U.S.C. § 1983 is subject to the same two year statute of limitations. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d 1332 (9th Cir. 2986). Plaintiff's Complaint was filed October 29, 2010, well within two years of the date on which the alleged conduct giving rise to her injuries occurred. Kuhn does not argue that the alleged conduct occurred on a different date, rather, he denies that it occurred altogether. Because Kuhn does not argue that the conduct occurred on a date beyond the statute of limitations, the defense fails as a matter of law. Therefore, plaintiff's motion to strike Kuhn's Second Affirmative Defense (Statute of Limitations) is GRANTED.

### 3. Third motion to strike

Plaintiffs' Complaint asserts claims against Kuhn for intentional infliction of emotional distress ("IIED"), sexual battery, false imprisonment, and negligence. Kuhn's Third Affirmative Defense (Oregon Tort Claims Act) asserts immunity from suit as to all plaintiffs' statutory claims under the Oregon Tort Claims Act ("OTCA"), OR. REV. STAT. § 30.260, *et seq.* The OTCA provides, in relevant part, that the sole cause of action for any tort of employees of a public body acting within the scope of their employment or duties and eligible for representation and indemnification shall be against the public body. OR. REV. STAT. § 30.265(1). Under either the Twombly/Iqbal standard or the more lenient Wyshak standard, the pleading is sufficient. Plaintiff alleges that Kuhn was acting within the scope and course of his employment with the District at all material times, and was motivated in part to serve the interests of his employer. (Compl. at 4, ¶ 6). She does not allege alternative claims that Kuhn acted outside the course and scope of his employment. Should Kuhn be entitled to indemnification and a defense under the OTCA, he could properly move to substitute the District as the sole defendant. Therefore,

Page 5 - ORDER

plaintiff's motion to strike Kuhn's Second Affirmative Defense is DENIED.

### 4. Fourth motion to strike

Kuhn's Third Affirmative Defense (Qualified Immunity) asserts immunity "from liability for civil damages because his conduct does not violate any clearly established constitutional right." Plaintiff's First Claim for Relief asserts a claim under 42 U.S.C. § 1983 for violation of her 4th and 14th Amendment due process rights, (Compl. at 6), to which qualified immunity is a defense. "Qualified immunity is an affirmative defense that must be pleaded by a defendant official." Siegert v. Gilley, 500 U.S. 226, 231, 111 S.Ct. 1789 (1991) (*citing* Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980); Harlow v. Fitzgerald, 457 U.S. 800, 814, 102 S.Ct. 2727 (1982)). Therefore, plaintiff's motion to strike Kuhn's Fourth Affirmative Defense is DENIED.

## II. MOTION TO DISMISS

### 1. First motion to dismiss

The District defendants move to dismiss defendants Bergreen and Flock from plaintiff's Second Claim for Relief, which alleges a claim for IIED against all defendants, arguing that the court is required to substitute the District as the sole defendant upon proper motion by the defendants pursuant to OR. REV. STAT. § 30.265(1). Plaintiff argues that substituting the District as the sole defendant at this stage of the proceedings is premature in light of the Oregon Supreme Court's decision in Clarke v. Oregon Health Sciences University, 343 Or. 581, 175 P.3d 418 (2007). Resolving this question requires the court to answer the question of whether a plaintiff may avoid the substitution of a public body as the sole defendant by alleging damages at the pleading stage which raises the possibility of an as applied challenge to the constitutionality of

Page 6 - ORDER

the OTCA's damages cap.

### The Oregon Tort Claims Act, ORS § 30.260, *et seq.*

The OTCA provides, in relevant part:

> "The sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 shall be an action against the public body only. . . . If an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only defendant."

Or. Rev. Stat. § 30.265(1). Officers, agents, and employees of a public body have a statutory right to receive indemnity and a defense (1) when the plaintiff's claim falls within ORS § 30.285(1) on the face of the complaint, and (2) when the employee asserts that the claims fall within the statute as a matter of fact. OR. REV. STAT. §§ 30.285(3), 30.287(1). The court determines whether a public body should be the sole defendant in a case brought against a public body officer, agent, or employee using these criteria. Although ORS § 30.265(1) dictates that a court "shall" substitute the public body as the only defendant, Oregon courts have recognized exceptions to the rule. *See, e.g.*, Berry v. Dep't Gen. Servs., 141 Or. App. 225, 917 P.2d 1070 (1996) (error to substitute public body as sole defendant where plaintiff alleged alternative claims that public body employee (1) acted within the course and scope of his employment, or (2) acted independently and without authorization, outside the course and scope of their employment; substituting public body prevented plaintiff from pursuing possibly meritorious claim against defendant for his individual torts).

### Clarke v. Oregon Health Sciences University

In Clarke, the plaintiff suffered permanent brain damage as a direct result of the negligence of OHSU and several of its employees, and filed suit seeking $11,073,506 for life and

Page 7 - ORDER

health care expenses, $1,200,000 for lost future earnings, and $5,000,000 in non-economic damages. 343 Or. at 586. The trial court granted the defendants' motion to substitute OHSU as the sole defendant pursuant to ORS § 30.265(1), and, after the plaintiff filed an amended complaint naming OHSU as the sole defendant, granted OHSU's motion for judgment on the pleadings and entered judgment in the amount of $200,000. Id. at 586-87.

The Oregon Court of Appeals rejected the plaintiff's argument that limiting OHSU's liability to $200,000 pursuant to the OTCA deprived him of the right to a remedy in violation of Article I, section 10, of the Oregon Constitution, but held that substituting OHSU as the sole defendant deprived him of a constitutionally adequate remedy, finding that limiting his recovery to less than two percent of his economic damages could not restore the injured right. Id. at 587-88. The Oregon Supreme Court affirmed the Court of Appeal's judgment remanding the case with instructions to reinstate the claims against the individual defendants. Id. at 610.

### Ackerman v. OHSU Med. Group

In a post-Clarke decision, the Oregon Court of Appeals was confronted with the question of how to determine when enforcing the OTCA damages cap results in an "as applied" unconstitutional result. Ackerman v. OHSU Med. Group, 233 Or. App. 511, 227 P.3d 744 (2010). In Ackerman, the plaintiff sued his physician, West, who was an employee of both OHSU and OHSU Medical Group ("Medical Group"), for complications resulting from surgery. Id. at 514. The jury found that the physician's treatment of the plaintiff was negligent and returned a verdict in the plaintiff's favor for $412,000 in economic damages and $1,000,000 in non-economic damages. Id. The trial court denied the post-verdict motion of West and Medical Group to substitute OHSU as the sole defendant and limit OHSU's liability to $200,000 pursuant

Page 8 - ORDER

to the OTCA, ruling that to do so would deprive the plaintiff of a constitutionally guaranteed remedy. Id. The trial court then entered judgment in favor of the plaintiff for the full amount of his damages, but limited OHSU's liability to $200,000 pursuant to the OTCA.

On appeal, the Oregon Court of Appeals held that (1) Medical Group had not established that it was an agent of OHSU and could be separately liable as a co-employer of West; (2) Medical Group was an "instrumentality of the state" and would have been immune from suit in 1857, therefore the trial court erred in denying Medical Group's motion to limit its liability pursuant to the OTCA; and (3) the trial court correctly ruled that the plaintiff was entitled to recover the full amount of his damages and that the proper judgment would find OHSU liable for $200,000, Medical Group liable for $200,000, and West liable for the remainder, $1,012,000, because limiting plaintiff's recovery to $400,000 would result in a constitutionally inadequate remedy. Id. at 519-33.

**Discussion**

Read together, Clarke and Ackerman support plaintiff's argument that dismissing Bergreen and Long at this stage of the proceedings is premature. Although ORS § 30.265(1) mandates the public body "shall" be substituted as the sole defendant, Berry demonstrates that Oregon Courts have not felt compelled to read the statute literally where doing so would deprive the plaintiff of the opportunity to pursue potentially meritorious claim. Clarke establishes that a plaintiff may raise and prevail in an as-applied challenge to the OTCA damages cap. Although Clarke appears to be the exception and not the rule, this does not change the fact that such a claim may be meritorious.

This court takes guidance from Ackerman, and in particular, its procedural posture. In

Page 9 - ORDER

Ackerman, the defendants moved to substitute OHSU as the sole defendant after the jury returned it's verdict "[a]s they had *on several occasions before and during the trial.*" 233 Or. App. at 514 (emphasis added). Thus, it is clear that the trial court repeatedly denied motions to substitute OHSU as the sole defendant pursuant to ORS § 30.265(1) at all times prior to the jury's verdict, electing instead to reserve the issue of whether West and Medical Group could properly be dismissed until after the plaintiff's damages, if any, were known. Ackerman is silent on why the trial court elected to proceed this way, i.e. whether the court anticipated or the plaintiff raised an as-applied challenge to the constitutionality of the OTCA's damages cap in any of the pre-trial or pre-verdict motions. Regardless of the trial court's reasoning, this court finds significant that the Oregon Court of Appeals did not find error in the trial court's decision to proceed in this fashion.

Unlike the plaintiffs in Clarke and Ackerman who suffered physical injuries, plaintiff's alleged injury here is emotional and psychological, therefore damages resulting from her injury are not as easily calculated. Plaintiff's prayer for relief reflects this: she has not provided a calculation of her actual or estimated economic damages, but rather seeks economic damages in an amount to be determined "according to proof," non-economic damages "according to proof" for her first claim for relief, non-economic damages "not to exceed $1,000,000" for six other claims, attorney fees, costs, and "leave to request punitive damages at the proper time." (Compl. at 17). Thus, while plaintiff has alleged damages in an amount exceeding $6,000,000, damages are entirely speculative at this point in the proceedings.

Should plaintiff prevail on her claims and be awarded damages of $500,000 or less, she cannot prevail in an as-applied challenge to the OTCA damages cap. However, should a jury

Page 10 - ORDER

return a verdict in her favor awarding damages in an amount comparable to that alleged in her prayer for relief, there can be little doubt that she will raise an as-applied challenge to the OTCA damages cap. This court offers no opinion and makes no prediction as to whether plaintiff can or will prevail in such an argument. However, should plaintiff prevail in an as-applied OTCA challenge after the court has dismissed Bergreen and Flock, additional court proceedings would be required to determine their individual liability. Ackerman provides some indication that Oregon courts faced with this scenario will decline to substitute the public body as the sole defendant and instead reserve the determination of whether or not to dismiss defendants until damages have been awarded, thereby allowing the court to assess the merit of an as-applied challenge to the OTCA's damages cap.

Here, the District has by all accounts assumed its statutory responsibility to defend Bergreen and Flock, and by moving to substitute itself as the sole defendant has at least indicated its intention to indemnify them should that become necessary. Even if Bergreen and Flock are dismissed and the District substituted as the sole defendant on plaintiff's tort claims, they would remain in the case as individual defendants in plaintiff's claim under 42 § 1983. Bergreen and Flock will undoubtedly be deposed, be required to participate in discovery, and be called as witnesses should the case proceed to trial. Thus, they will remain active participants in this litigation regardless of whether or not the motion to dismiss is granted.

**Conclusion**

After consideration of relevant statutory and case law, the briefs and arguments of the parties, and the pleadings, the court finds that dismissing Bergreen and Flock at this stage of the proceedings is premature. Therefore, the District defendants' first motion to dismiss is DENIED.

Page 11 - ORDER

## 2. Second motion to dismiss

For the sake of clarity and to reduce confusion, the court construes the motion as seeking to dismiss the District from plaintiff's Second Claim for IIED on a direct liability theory.[1]

A corporate defendant "can be directly liable for intentional torts where: (1) the tort is committed by a person or persons wielding the whole executive power of the corporation; and (2) the tortious acts were committed in behalf of the corporation." Harris v. Pameco Corp., 170 Or. App. 164, 172, 12 P.3d 524 (2000) (citing Walthers v. Gossett, 148 Or. App. 548, 556, 941 P.2d 575 (1997) (internal quotation marks and citations omitted)). In this case, the alleged tort is IIED committed by one of the District's teachers, Kuhn. Kuhn is not a person "wielding the whole executive power" of the District, thus plaintiffs' claim fails the first prong of the Walthers test. Moreover, there is no allegation that the District directed that Kuhn emotionally distress plaintiff, thus plaintiff's claim fails the second prong of the Walthers test as well. Harris, 170 Or. App. at 172, 12 P.3d 524. Therefore, plaintiff's Second Claim for Relief fails to state a claim against the District.

Plaintiff correctly argues that the District may be held directly liable for negligently

---

[1] The District moves to strike plaintiff's Third Claim for Relief, asserting vicarious liability for IIED against the District only, arguing that it is redundant of plaintiff's Second Claim for Relief, asserting direct liability for IIED against all defendants. The District argues that it is a fictitious entity, thus it can only be held vicariously liable through the actions of its employees, therefore plaintiff's Second Claim can only be read as asserting a vicarious liability IIED claim against the District. The District correctly argues that as a fictitious entity, it can act only act through it's officers, agents, and employees. Doe v. Or. Conference of Seventh-Day Adventists, 199 Or. App. 319, 328, 111 P.3d 791 (2005) ("When the 'person' upon which liability ultimately rests is a fictive person, that is, a corporation, the only kind of liability that can conceivably exist is vicarious: a corporation . . . can only act through its officers, agents or employees."). However, the District's argument is convoluted and confusing. The court therefore construes the motion according to its intent: to dismiss the claim against the District for IIED under a direct liability theory. Plaintiff's Third Claim for Relief is not affected by this order.

Page 12 - ORDER

supervising Kuhn, if that negligence resulted in injury to plaintiff. *See, e.g.*, Wilson v. Tobiassen, 97 Or. App. 527, 531-32, 777 P.2d 1379, *rev. denied*, 308 Or. 500, 784 P.2d 441 (1989) (organizational defendants found not vicariously liable for sexual abuse of its employee could still be held directly liable for their own acts of negligent supervision). However, such a claim sounds in negligence and is not properly asserted here, in plaintiff's Second Claim for Relief.

Because the District is improperly named as a defendant in plaintiff's Second Claim for Relief the motion to dismiss the District is GRANTED.

### 3. Third motion to dismiss

The District defendants move to dismiss plaintiff's Eighth Claim for Relief, which asserts a claim for negligence against all defendants, as to defendants Bergreen and Flock only, arguing that under the OTCA this claim may only be maintained against the District. For the reasons stated above in the discussion of the District defendants' first motion to dismiss, above, this motion is DENIED.

### CONCLUSION

For the reasons stated above, plaintiff's motion to strike is GRANTED IN PART AND DENIED IN PART, and the District defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART. IT IS SO ORDERED.

DATED this 18 day of February, 2011.

MARK D. CLARKE
United States Magistrate Judge